IN THE COURT OF COMMON PLEAS
OF JEFFERSON COUNTY, OHIO

EXHIBIT A

BENITA L. WALTON, and
FRANK WALTON, husband and wife
3119 Apollo Road, S.E.
Carrollton, OH 44615
    Plaintiffs,

v.

ORPRO, INC.,
a foreign corporation
d/b/a HANGER CLINIC
50 West Broad Street, Suite 1330
Columbus, OH 43215
    Defendant.

CASE NO.: 21 CV 244

JUDGE:

## COMPLAINT

NOW COME the Plaintiffs, BENITA L. WALTON AND FRANK WALTON, husband and wife, by and through their legal counsel Daniel P. Taylor, Esquire of Dittmar, Taylor & Makricostas, PLLC and file their Complaint against the Defendant, ORPRO, INC.:

1. The Plaintiffs, Benita L. Walton (fka Carter) and Frank Walton, for all times relevant to the within action were husband and wife and resided at 3119 Apollo Road, S.E., Carrollton, Carroll County, Ohio.

2. The Defendant, ORPRO, INC., d/b/a Hanger Clinic, is a foreign corporation that is licensed to do business and does business in Jefferson County, Ohio. The Defendant's Prosthetists were agents, servants, and/or employees of Defendant and Defendant is responsible for their actions pursuant to the doctrine of Respondeat Superior.

3. Plaintiff, Benita L. Walton, underwent a transtibial amputation of her right leg between her knee and ankle secondary to an automobile accident in 2001.

4. Plaintiff, Benita L. Walton, during all times relevant to the within action was a customer of the Defendant for her prosthetic devices.

5. Plaintiff, Benita L. Walton, was provided a "walking prosthesis;" a prosthesis with a heel height adjustable foot and a "swim" prosthesis by the Defendant.

6. Plaintiff, Benita L. Walton, requested a new swim prosthetic from the Defendant in or about September, 2018 and she requested that she be provided with a prosthetic with a pin and locking mechanism because the audible click of the pin engaging with the locking mechanism confirmed to her that the prosthesis is suspending securely.

7. The Defendant's Prosthetist, employed by the Defendant, chose to ignore the Plaintiff, Benita L. Walton's, request and instead provided her with a liner prosthetic for use in water, as her swim prosthetic.

8. In July, 2019, prior to Plaintiff, Benita L. Walton, ever using the liner swim prosthetic provided to her by the Defendant, and prior to a planned trip scheduled for Myrtle Beach, South Carolina, for August, 2019, she presented to the Defendant to have her swim prosthetic checked to ensure that it would function properly for use in the swimming pool and in the ocean. The Plaintiff had not used the swim prosthetic prior to this time and presented to the Defendant to ensure it functioned properly.

9. The Defendant's Prosthetist had the Plaintiff, Benita L. Walton, try on the liner swim prosthetic and examined the prosthetic and assured her that the prosthetic fit properly and was safe and appropriate for use in the swimming pool and the ocean.

10. The Defendant's Prosthetist did not submerge the prosthetic in water for testing to ensure that it would function properly while submerged in water.

11. On or about August 5, 2019, the Plaintiff, Benita L. Walton, was in the swimming pool and her swim prosthetic came off.

12. The Plaintiff, Benita L. Walton, immediately called the Defendant and reported that her swim prosthetic came off in the pool and sought advice from the Prosthetist on what to do.

13. Plaintiff, Benita L. Walton's, regular Prosthetist was not in the office that day, but another Prosthetist of the Defendant told her to simply use a double lining for the prosthetic and she could continue to safely use the prosthetic in the pool and ocean.

14. The Plaintiff, Benita L. Walton, followed the instructions of the Defendant's Prosthetist and used a double lining in the prosthesis.

15. Thereafter, on or about August 9, 2019, Plaintiff, Benita L. Walton, was again in the pool and as she came out of the pool her prosthetic leg shot off and she lost her balance and fell and hit her head, face, and right shoulder. Plaintiff, Benita L. Walton, sustained a right rotator cuff tear and other serious injuries, some of which are permanent in nature due to her fall.

16. Additionally, due to her injury in 2001, Plaintiff, Benita L. Walton, had a spinal cord stimulator for pain control. The subject fall caused the stimulator to malfunction and had to be disabled.

17. The subject fall further caused Benita L. Walton's Reflex Sympathetic Dystrophy, which was in remission, to become active and has caused her great pain and suffering.

18. Plaintiff, Benita L. Walton, learned months later that Defendant had a facility in close proximity to where she was staying, but the Defendant did not inform her of this facility so that her prosthetic could be checked before she used it in the water again. Defendant simply told her to use a double liner without examining or checking the swim prosthetic.

19. The above actions of the Defendant directly and proximately resulted in Plaintiff, Benita L. Walton's, fall and serious injuries.

## COUNT I - NEGLIGENCE

20. Plaintiffs hereby incorporate by reference paragraphs 1-19 of her Complaint as though more fully set forth herein.

21. The aforementioned actions of the Defendant, its agents, servants, and employees were negligent in proximately causing injuries and damages to the Plaintiff, Benita L. Walton, including, but not limited to, physical injuries to Benita L. Walton, pain and suffering, loss of enjoyment of life, aggravation, inconvenience and annoyance, medical costs, and other damages.

## COUNT II - BREACH OF WARRANTY (EXPRESS AND IMPLIED)
## MISREPRESENTATION

22. Plaintiffs hereby incorporates herein by way of reference paragraphs 1 through 21 of their Complaint as through more fully set forth herein.

23. Defendant provided assurances and represented to the Plaintiffs that the liner, "swim leg" prosthetic manufactured and/or assembled for Plaintiffs by Defendant was fit for the particular purpose for use in a swimming pool and ocean.

24. The prosthetic failed during its intended use and thus Defendant breached the warranty to Plaintiffs regarding Defendant's representations of the functions of this prosthetic, which resulted in injuries and damages to Plaintiffs as herein set forth.

25. Defendant further represented that using a double liner would prevent further mishaps and that the prosthetic was safe for use in the pool and ocean, but it was not.

## COUNT III
## LOSS OF CONSORTIUM

26. The Plaintiffs restate each and every allegation contained in Paragraphs One (1) through Twenty-Five (25) of their Complaint as though more fully set forth set forth herein.

27. For all times relevant hereto, the Plaintiffs, Benita L. Walton and Frank Walton,

were and are husband and wife.

28. The Defendants actions and/or inactions contained throughout the Complaint caused the Plaintiffs to suffer a loss of consortium and to incur the loss of love, affection, and society of the other, which entitles the Plaintiffs to compensatory damages.

### COUNT IV – DAMAGES

29. Plaintiffs hereby incorporates paragraphs 1-28 of their complaint as though more fully set forth herein.

30. The conduct of the Defendant, as set forth herein, were a direct, proximate, and producing cause of the general, economic, and emotional damages suffered by the Plaintiffs, which include but are not strictly limited to:

   (a) physical injury, including pain and suffering;

   (b) mental and physical injury;

   (c) severe humiliation and embarrassment;

   (d) loss of enjoyment of life;

   (e) emotional upset;

   (f) aggravation, inconvenience, and annoyance; and

   (g) economic injury.

WHEREFORE, Plaintiffs, Benita L. Walton and Frank Walton, demand judgement against the Defendant, ORPRO, INC., d/b/a Hanger Clinic, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) in damages plus pre and post judgment interest, attorney's fees, and court costs.

## PLAINTIFFS DEMANDS A TRIAL BY JURY ON ALL ISSUES

RESPECTFULLY SUBMITTED,

*[signature]*

_____
DANIEL P. TAYLOR, ESQ. (#0068955)
Dittmar, Taylor & Makricostas, PLLC
320 Penco Road
PO Box 2827
Weirton, WV 26062
304-723-9670 (P);
304-723-9674 (F)
*Counsel for Plaintiffs*

## INSTRUCTIONS TO THE CLERK

Please make service upon the Defendant, via certified mail, return receipt requested at the following addresses:

ORPRO, INC.,
a foreign corporation
d/b/a Hanger Clinic
c/o Corporation Services Company
50 West Broad Street
Suite 1330
Columbus, OH 43215

Hanger Clinic: Prosthetics & Orthotics
2605 Sunset Blvd.
Unit C
Steubenville, OH 43952

*[signature]*

_____
DANIEL P. TAYLOR, ESQ. (#0068955)
Dittmar, Taylor & Makricostas, PLLC
320 Penco Road
PO Box 2827
Weirton, WV 26062
304-723-9670 (P);
304-723-9674 (F)
*Counsel for Plaintiffs*